UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Chang Gao Fang

                           Plaintiff,                       Civil Action No. 1:15-cv-5918

-against-                                           **COMPLAINT**
                                                        **DEMAND FOR JURY TRIAL**

Kai Hu, and
Hu's Acupuncture & Massage P.C.,
d.b.a. Hu's Pain Management & Wellness Center,

                           Defendants.
------------------------------------------------------------------X

NOW COMES Plaintiff, Chang Gao Fang, by and through his attorneys, Law Offices of Yang and Partners and for his Complaint against Defendants Kai Hu and Hu's Acupuncture & Massage P.C., d.b.a. Hu's Pain Management & Wellness Center (hereinafter collectively as "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff, Chang Gao Fang, was former employee of Defendant Hu's Pain Management & Wellness Center (hereinafter "the Center"), and Defendant, Kai Hu, (hereinafter "Hu") is the sole owner of Hu's Pain Management & Wellness Center.

2. Hu owns, operates, manages and controls the Center located at 42-07 Kissena Boulevard. Floor C, Flushing, NY 11355.

3. Upon Plaintiff's wife, Mei Lan Gao's, information and belief, Hu serves or has served as owner, manager, principle or agent of the Center.

4. Plaintiff was hired as a full time and paid employee (therapeutic masseur) by Defendants.

5. Defendants have failed to maintain accurate recordkeeping of Plaintiff's working hours and have failed to pay Plaintiff appropriately for any overtime, either at the straight rate or any additional overtime rate.

6. At all times relevant to this Complaint, Defendants have maintained a policy and practice which required Plaintiff to work in excess of forty (40) hours per week without paying him the minimum wage and overtime compensation required by federal and state laws.

7. Plaintiff was severely injured and disabled at the Center while performing therapeutic massage to a customer who was assigned and instructed by Hu.

8. Plaintiff has been hospitalized, confined in bed, disabled, and unable to perform daily activities or return to work. Now, Plaintiff requires special living arrangement and equipment to sustain his life and living.

9. Defendants did not have Workers' Compensation and Disability Benefits Insurance Policies at the time of Plaintiff's work-related injury.

10. Plaintiff is now bringing this action on behalf of himself to recover: (1) unpaid minimum and overtime wages pursuant to Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New York Minimum Wage Act, Article 19 of the Labor Law if the State of New York, ("Labor Law" or "NYMWA"); (2) work related injury medical costs, loss of wages, and living costs pursuant to N.Y. Workers' Comp. Law § 26-a (McKinney, 2011); and (3) compensatory and punitive damages for willful and purposeful violation the Occupational Safety and Health Act ("OSHA") pursuant to 29 U.S. Code § 655 (5) (A)(1); (4) attorney's fees and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 29 U.S.C § 216 (b) (FLSA), 29 U.S.C. § 653(a) (OSHA), and 28 U.S.C § 1331 (Federal Question).

12. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over New York Workers' Compensation Law and any and all state law claims against Defendants in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

13. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because the events or omissions giving rise to the claims occurred in the State of New York within this district. The plaintiff's permanent residence is in Queens, New York. Plaintiff was employed in New York State. Therefore the damages which are raised out of the employment occurred in this district.

## JURY TRIAL DEMAND

14. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## THE PARTIES

### Plaintiff

15. At all times relevant to this action, Plaintiff is an adult individual residing in Queens, New York.

16. Plaintiff has been employed by Defendants approximately from January 10, 2015 to February 26, 2015. During Plaintiff's employment, he was an employee of and worked at the Center.

Defendants

17. Hu owns, operates, manages, and controls the Center, located at 42-07 Kissena Boulevard Floor C, Flushing, NY 11355, at all-time relevant to this Complaint.

18. The Center is a corporation, which is organized and existing under the laws of the State of New York. Upon information and belief, it maintains offices at 42-07 Kissena Boulevard Floor C, Flushing, NY 11355 and 401 Broadway, Suite 409, New York, NY, 10013.

19. Hu is sued individually in his capacity as an owner, officer, manager and/or agent of the Center. Hu possesses or has possessed operational control over the Center, a sole ownership interest in the Center, or controlled significant functions of the Center. Hu determined the wages and compensation of the employees, including Plaintiff; and he assigned the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

20. Hu operates the Center, located at 442-07 Kissena Boulevard Floor C, Flushing, NY 11355, under the name of "Hu's Pain Management & Wellness Center."

21. Defendants maintain as their principle place of business at 442-07 Kissena Boulevard Floor C, Flushing, NY 11355.

22. Hu possesses operational control over and an ownership interest in and controls significant functions of the Center.

23. Hu is an employer, acts in the interest of each other with respect to employees, pays employees by the same method, and exercises control over the employees.

24. Defendants possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, the policies, and practices with respect to the employment and compensation of Plaintiff.

25. Therefore, for the above and other reasons, Defendants employed Plaintiff and was Plaintiff's employers within the meaning of FLSA 29 U.S.C. 203(d).

26. Upon information and belief, Hu operates the Center, as alter ego of himself, and/or fails to operate the Center as entity legally separate and apart from his own self, by, amongst other things:

   (a) Failing to adhere to the corporate formality necessary to operate the Center as corporation;

   (b) Defectively forming or maintaining the corporate entity, by amongst other things failing to hold annual meetings or maintaining appropriate corporate records;

   (c) Transferring assets and debts freely by him;

   (d) Operating the Center for his own benefit as the sole member;

   (e) Intermingling assets and debts of his own and the Center;

   (f) Diminishing and/or transferring assets to avoid full liability as necessary to protect his own interests; and

   (g) Other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

27. At all relevant times, Defendants had the power to hire and fire Plaintiff, control the terms and conditions of Plaintiff's employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

28. The Center has approximately six to seven employees, one assistant, and few students; and Plaintiff was hired by Hu as a paid and full time employee.

29. Defendants have two locations in New York State. One is located at 442-07 Kissena Boulevard. Floor C, Flushing, NY 11355, and upon information and reasonable belief that the other center is located at 401 Broadway, Suite 409, New York New York, 10013.

30. In addition, upon information and reasonable belief, Defendants were directly engaged in interstate commerce. For example, their clients come from all over the country as tourists, and some of them are from other countries.

**I. Plaintiff was not properly compensated for his minimum wage and overtime.**

31. Plaintiff is a former employee of Defendants, who was employed in performing therapeutic massage.

32. During Plaintiff's employment, he worked at the Center approximately from January 10, 2015 to February 26, 2015. At all relevant times, Plaintiff's duties were included therapeutic massage.

33. Plaintiff's work responsibility was not required any discretion or independent judgment.

34. Instead of paying Plaintiff hourly rate, Hu acted in the Center's capacity to evade the minimum wage requirement and made an oral sharing profit agreement with Plaintiff,

which was a 50%/50% equal sharing profit for Plaintiff's work. And Plaintiff retained all the tips.

35. Hu assigned Plaintiff working schedule, and Plaintiff was required to take turns with other employees to serve the walk-in customers.

36. As part of the job requirements, Plaintiff was required by Hu to return to work at any time if there were walk-in clients. For examples, sometimes, Hu called Plaintiff at around 10:00 P.M or 11:00 P.M. at late night and required him to come back to the Center to serve the walk-in clients.

37. Throughout Plaintiff's employment with Defendants, he regularly had worked in excess of 40 hours per week. Plaintiff started his regular working schedule at 9:30 A.M. and ended his work at 9:30 P.M. at night; sometimes, Plaintiff was required to stay until 11:00 P.M.; and Plaintiff had to work 7 days a week.

38. Plaintiff made approximately $90.00 per day, which included approximately $35.00 for wage and $55 for tips per day.  According to the Oral agreement between Plaintiff and Defendants, Defendants did not indicate that tips were a part of the wage for Plaintiff.

39. Defendants have not provided Plaintiff any break or rest period at any time during his long and exhausted working schedule. Hu required Plaintiff to continuously work, and if there was no client, Plaintiff had to stand by and prepare to work.

40. Plaintiff was been required to keep track of his time, nor to his knowledge, Defendants utilized any time tracking device, such as sign in sheets or punch cards, that accurately reflected Plaintiff's actual working hours.

41. Defendants did not provided Plaintiff with any documents or other statements that accurately accounted for Plaintiff's actual working hours.

**II. Defendants created hazardous working environment by requiring Plaintiff to work long hours without any rest period.**

42. Defendants required Plaintiff to work at least 12 hours a day on average and 7 days a week without giving Plaintiff any rest day. Plaintiff started his work at 9:30 A.M. and ended his work at approximately 9:30 P.M. at night; sometimes, Plaintiff was required by Hu to stay and work until 11:00 P.M at night.

43. Plaintiff did not have any pre-existing health condition, such as high blood pressure, neither in China nor the U.S., and he did not take any prescribed medications prior the incident. His limping leg was caused by injury from his athlete career as a wrestler when he was young.

44. On the day of the accident, Defendant assigned an African-American male customer to Plaintiff in considering that because Plaintiff's physic (Plaintiff was a professional athlete) would better serve the client. However, Defendants disregarded Plaintiff's age (around 58 year ago) and his physical ability to perform the therapeutic massage on the client.

45. Because this client is very big and strong, Plaintiff had to make extraordinary effort and strength to perform the massage.

46. And because of the extraordinary work performance, Plaintiff became extremely fatigue, and his hands were shaking and became numbed during the massage.

47. Plaintiff informed Hu about his condition; however, Hu negligently disregarded Plaintiff's condition caused by the extraordinary and excessive work requirement.

Instead of calling ambulance, Hu just asked Plaintiff to sit down and rest. Not long after Plaintiff sitting down, he suddenly lost of his consciousness and ambulance was called. The ambulance delivered Plaintiff to the Queens hospital.

48. The hospital told Plaintiff's wife, Mei Lan Gao, that Plaintiff's cause of injury was from an artery or arteries ruptured in the brain, which he became paralyzed and unable to move any part of his body. As a result, Plaintiff has been hospitalized, confined in hospital bed, and has become disabled.

49. Moreover, he purposefully require Plaintiff's wife not tell the hospital that Plaintiff and Defendants were in employee and employer relationship.

### III. Defendants' General Employment Practices

50. Defendants regularly required Plaintiff to work in excess of Forty (40) hours per week without paying him the regular rate of pay or overtime wages.

51. Defendants' pay practices resulted in Plaintiff not receiving payment for all of his hours worked, so his effective rate of pay was reduced below the minimum wage.

52. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of Fair Labor Standards Act by failing to maintain accurate and complete timesheets and payroll records.

53. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked and avoid paying Plaintiff properly for his full hours worked and for overtime due.

54. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

**IV. Defendant fails to obtain Workers' Compensation and Disability Insurance Policies.**

55. Defendants willfully and purposefully misclassified Plaintiff as unpaid learner at the Center to avoid Workers' Compensation Law requirements.

56. Hu intentionally and materially misrepresented and concealed Plaintiff's information as a full time and paid employee to evade the Workers' Compensation Law requirements.

57. Defendant misclassified the nature of work of its business to a classification that is less hazardous; however, Plaintiff had long working schedule every day, and Defendant did not provide any break every four hours.

58. Defendants willfully and purposefully disregarded the requirement of obtaining Workers Compensation and Disability Benefits Insurance Policies as required by New York Workers' Compensation Law. N.Y. Workers' Comp. Law § 10 (1) (McKinney, 2011).

59. Upon information and belief, Defendants employed around 6 to 7 employees, one assistant, and few students in New York State. However, Defendants willfully and purposefully fail to obtain any Workers' Compensation and Disability Benefits Insurance Policies.

60. Moreover, Defendant intentionally misrepresented the size of his payroll or employee classification for the purpose of manipulating or avoiding Workers' Compensation and Disability Benefits Insurance requirements.

61. There was no Workers' Compensation and Disability Benefits Insurance Policies effective on the first day of Plaintiff's employment with Defendants. Additionally, Hu admitted that he did not obtain any Workers' Compensation and Disability Benefits Insurance Policies.

**FIRST CAUSE OF ACTION**

**(Violation of the Minimum Wage Provisions of FLSA)**

62. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

63. At all times relevant to this action, Hu was Plaintiff's employer within the meaning of FLSA, 29 U.S.C. § 203(d).

64. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

65. At all times relevant to this action, Defendants were engaged in commerce or activities affecting commerce.

66. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

67. Defendants intentionally, or otherwise, failed to pay Plaintiff at the applicable minimum wage hourly rate, are in violation of 19 U.S.C. § 206(a).

68. Currently, in New York the minimum wage is $8.75 per hour. With 8 hours of regular working hour, the minimum wage per day should be $70.00. However, plaintiff only received approximately $35.00, and Plaintiff worked for Defendants for 43 days.

69. Therefore, Plaintiff has been damaged in an amount of $1,505.00.

### SECOND CAUSE OF ACTION

### (Violation of the Overtime Provisions of FLSA)

70. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

71. Defendant intentionally, or otherwise in violation of FLSA, failed to pay Plaintiff over time compensation at rates of one and one-half times that regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

72. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255 (a).

73. Plaintiff had approximately 4 hours over time every day for 43 days.

74. Therefore, Plaintiff has been damaged in an amount of $2,257.50.

### THIRD CAUSE OF ACTION

75. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

76. Plaintiff has not been paid minimum wages for all working hours under the New York Minimum Wage Act, N.Y. Labor Law § 650 *et seq*. and N.Y. Labor Law § 190 *et seq*.

77. Plaintiff is accordingly entitled to back pay, prejudgment interest, and attorney's fees.

## FOURTH CAUSE OF ACTION

78. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

79. The failure of Defendants to pay minimum wages to Plaintiff as required by the New York Minimum Wage Act was willful. N.Y. Labor Law § 650 *et seq*. and N.Y. Labor Law § 190 *et seq*.

80. Plaintiff is accordingly requesting the Court to award Plaintiff compensatory and punitive damages in an amount of $500,000.00.

## FIFTH CAUSE OF ACTION

### (Violation of Workers' Compensation Law)

81. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

82. Defendants intentionally, or otherwise in violation of Workers' Compensation Law, failed to obtain Workers' Compensation and Disability Benefits insurances, in violation of N.Y. Workers' Comp. Law § 10 (1) (McKinney, 2011).

83. Plaintiff is accordingly entitled to for all medical, wage, and living costs benefits. According to the Workers' Compensation Law, if an employer fails to carry the required insurance and an employee is disabled due to a work-related injury, an award will be made against the non-insured employer for all medical and wage benefits awarded. N.Y. Workers' comp. Law § 26 (a) (McKinney, 2011).

84. Plaintiff is accordingly entitled to medical costs in an amount of $50,000.00 and loss of wage in an amount of $56,160.00.

85. Additionally, Plaintiff is requesting the Court to award Plaintiff compensatory and punitive damages for Defendants willful and purposeful violation of New York Workers' Compensation Law in an amount of $500,000.00.

## SIXTH CAUSE OF ACTION

### (Extended and Unusual Working Conditions)

86. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

87. Hu scheduled Plaintiff extended and unusual work shifts which were stressful physically, mentally, and emotionally. The extended working hours disrupted Plaintiff's body's regular schedule, which caused Plaintiff to increase his fatigue, stress, and lack of concentration.

88. Additionally, Defendants required Plaintiff to work until 10:00 P.M. to 11:00 P.M. at late nights which intensified the fatigue and reduce alertness.

89. Contrary to the OSHA's requirements, Defendant did not provide Plaintiff a place of employment, which was free from recognized hazards that could cause or likely cause death or serious physical harm to Plaintiff. 29 U.S.C § 654 (a)(1). As a result, these effects led to Plaintiff's accident and injuries.

90. Plaintiff is accordingly entitled to cost of living for unable to work during his recovery period (approximately two years) in an amount of $80,000.00 because of Defendants' violation of OSHA.

91. Additionally, Plaintiff is requesting the Court to award Plaintiff compensatory and punitive and pain and suffering damages in an amount of $500,000.00 for Defendants'

willful and purposeful violation of OSHA by putting Plaintiff in a hazardous working environment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment against Defendants:

(a). Declaring that Defendants have violated the minimum wage provisions under FLSA and associated rules and regulations as to Plaintiff;

(b). Declaring that Defendants have violated the overtime wage provisions under FLSA and associated rules and regulations as to Plaintiff;

(c). Declaring that Defendants have violated the recordkeeping requirements, compensation, hours, wages under FLSA and associated rules and regulations as to Plaintiff;

(d). Declaring that Defendants' violation of provision of the FLSA are willful as to Plaintiff;

(e). Declaring that Defendants' violation of provision of the Workers' Compensation Law are willful as to Plaintiff;

(f). Declaring that Defendants' violation of provision of the OSHA are willful as to Plaintiff;

(g). Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages under the FLSA as applicable;

(h). Awarding Plaintiff liquidated damages in an amount equals to 100% of their damages for the amount of unpaid minimum and overtime wages under the FLSA as applicable pursuant to 19 U.S.C. § 216 (B);

(i). Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(j). Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees;

(k). Awarding Plaintiff's medical costs, living costs, pain and suffering, and punitive damages under the Workers' Compensation Law as applicable;

(l). Awarding Plaintiff medical costs, living costs, pain and suffering, and punitive damages under the OSHA as applicable;

(m). All such other and further relief as the Court deems just and proper.

Dated: July 28, 2015

Queens, New York

LAW OFFICES OF YANG & PARNTERS
/s/ Brian Shengjin Yang, Esq.
Attorney for Plaintiff
138-16 39th Avenue, Suite 703
Flushing, New York 11354
Tel: 718 939-6066
Brianyanglawoffice@gmail.com